IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JOSHUA J. JENKINS                                                                    PETITIONER

VS.                          CASE NO. 2:18CV00040 KGB/PSH

GENE BEASLEY, WARDEN,
FCI FORREST CITY, ARKANSAS                                                RESPONDENT

PROPOSED FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

Joshua J. Jenkins ("Jenkins"), in federal custody at FCI Forrest City, Arkansas, brings this action pursuant to 28 U.S.C. § 2241.  He challenges the manner in which his sentence is being executed, alleging that he has been wrongfully denied credit for time served.  Specifically, Jenkins contends the Bureau of Prisons ("BOP") failed to credit him for pre-sentence custody from December 23, 2012 to May 28, 2015, with all good conduct time included.  Respondent Gene Beasley ("Beasley") asserts Jenkins' sentence and good conduct time are properly calculated.

1

Beasley concedes Jenkins has exhausted his administrative remedies.[1]

The pertinent dates and events are not in dispute:

**December 23, 2012**   Jenkins is arrested by Austin, Texas police on state charges. Docket entry ("D.E.") no. 8-1, ¶ 4.

**October 1, 2013**   Jenkins is sentenced in Texas state court to ten years in prison for evading arrest with a vehicle. D.E. 8-1, ¶ 5.

**February 17, 2015**   Pursuant to a Federal Writ of Habeas Corpus Ad Prosequendum, Jenkins is borrowed, while serving his state sentence, from the State of Texas into federal custody. D.E. 8-1, ¶ 6.

**May 29, 2015**   Jenkins is sentenced in the United States District Court, Western District of Texas, to an 80 month term of imprisonment for possession with intent to deliver cocaine base. The Court explicitly directed the federal term of imprisonment to run concurrently with the Texas state court term of imprisonment, with "Time to be credited from date of arrest for this offense, December 23, 2012." D.E. 8-1, ¶ 7, and D.E. 8-1, page 21.

**June 2, 2015**   The United States District Court, Western District of Texas, entered an Amended Judgment in Jenkins' case, indicating "it is the Court's intent that the defendant shall receive credit for all time continuously spent in custody, state or federal, from December 23, 2012.

---

[1]The exhaustion of the administrative remedies is documented at pages 62-69 of docket entry no. 8-1.

|  |  |
|---|---|
|  | Therefore, the Bureau of Prison shall adjust the defendant's term of imprisonment by the amount of time spent in custody pursuant to §5G1.3(b) of the sentencing guidelines." D.E. 8-1, ¶ 8, and D.E. 8-1, page 29. In response to the stated intent of the sentencing Judge, the Bureau of Prisons reduced Jenkins' 80 month sentence to a term of 50 months and 28 days.[2] D.E. 8-1, ¶ 10, and D.E. 8-1, pages 36-37. |
| **June 4, 2015** | Jenkins is returned to Texas to continue serving his state sentence. D.E. 8-1, ¶ 9, and D.E. 8-1, page 17. |
| **February 17, 2017** | According to Beasley, Jenkins is paroled from state prison. D.E. 8-1, ¶ 12. The state credited Beasley with all the time he spent in custody from the date he was arrested, December 23, 2012, until the date of his parole. *Id.*, ¶ 12 and attachment 8. |

### ANALYSIS

**Sentence Calculation.** Jenkins argues that the Bureau of Prisons erred in calculating his sentence. Specifically, Jenkins contends that he entered federal custody, pursuant to the writ of habeas corpus ad prosequendum, on February 17, 2015, and should be entitled to credit against his federal sentence from that point until May 28, 2015.[3] In the alternative, he alleges he should receive

---

[2]The math is as follows: Jenkins' federal term was reduced by 887 days, which amounts to the time spent in custody from December 23, 2012, when arrested by state authorities, through May 28, 2015, the day before he was sentenced in federal court.

[3]The record shows that Jenkins was transferred to the BOP on a writ of habeas corpus ad prosequendum on February 17, 2015. He was returned to the state on June 4, 2015 to continue serving his state sentence. During this time, he was essentially "on loan" to the federal authorities, and he remained in the primary custody of the state of Texas.

such credit from December 23, 2012, when arrested by state authorities, through May 28, 2015, the day before he was sentenced in federal court. For the reasons stated herein, the Court finds that the BOP correctly calculated Jenkins' sentence.

18 U.S.C. 3585 governs computation of sentences. Two factors must be decided in computing a federal sentence - when the sentence commences and what credit, if any, the prisoner should receive against the term imposed. *See United States v. Wilson*, 503 U.S. 329 (1992); *United States v. Tindall*, 455 F.3d 885 (8th Cir. 2006). The Attorney General delegated to the BOP the authority to compute sentences and determine what credit an inmate should be granted for time spent in custody before sentencing. *See Wilson*, *supra*. Pursuant to 18 U.S.C. 3585(b), the BOP can grant credit for time spent in state or federal custody prior to the date the federal sentence commences, *but only if such time has not been credited against another sentence*.

The Court in Jenkins' federal case sentenced him on May 29, 2015 to 80 months imprisonment to run concurrently with the state term of imprisonment, with time to be credited from December 23, 2012, the date of Jenkins' arrest. Two days later, that Court filed an amended judgment clarifying the Court's intent that Jenkins receive credit for all time spent in custody from December 23, 2012, and ordering the BOP to adjust Jenkins' term of imprisonment by the amount of time spent in custody pursuant to §5G1.3(b) of the sentencing guidelines.

Section 5G1.3(b) of the 2015 Federal Sentencing Guidelines Manual provides:

> (1) the court shall adjust the [federal] sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of

4

imprisonment.

Pursuant to the amended judgment, the Bureau of Prisons reduced Jenkins' 80 month sentence to a term of 50 months and 28 days. Section 5G1.3(b) applied in this instance because the time Jenkins spent in state custody had already been credited against his state sentence on related charges, and thus the BOP was prohibited from crediting that time against his federal sentence. The Court finds that the BOP correctly adjusted Jenkins' sentence in accordance with the amended judgment and Section 5G1.3(b), which reduced his federal sentence by 887 days.

**Good Conduct Time Credit.** Pursuant to 18 U.S.C. § 3624(b), "a prisoner who is serving a term of imprisonment of more than one year may receive credit toward the service of the prisoner's sentence, beyond the time served, up to 54 days at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations." Jenkins claims he is entitled to receive good conduct time credit for the time he was in state custody and serving a state sentence *before* he was sentenced in federal court on related charges. The BOP began calculating Jenkins' good conduct time credit from the date he was sentenced in federal court, or May 29, 2015.[4] The issue before the Court is whether Jenkins was eligible for good conduct time credit under § 3624(b) for the time he served in state custody on the state charges before he was sentenced on his federal charges. For the reasons stated herein, the Court finds no error in the BOP's calculation of Jenkins' good conduct time credit.

---

[4] Jenkins remained in state custody until February 17, 2017, when he was paroled and transferred to the BOP. Since May 29, 2015, Jenkins has earned the maximum number of good conduct time credits, fifty four (54) days annually. Assuming he continues to earn good time conduct credits at the maximum rate, he has a projected release date of February 7, 2019. D.E. 8-1, ¶ 11, and D.E. 8-1, page 46.

The clear language of 18 U.S.C. § 3624(b)(1) directs the BOP to grant good conduct time credit at "the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term...." *See also Barber v. Thomas*, 560 U.S. 474 (2010). Thus, for the purpose of calculating good conduct time credit, the inmate must actually serve time on his federal sentence. *Id.*

18 U.S.C. § 3585(a) provides that a sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served." The question here, however, is when a concurrent federal sentence commences for an inmate who is already serving state time on a related matter for purposes of determining when the clock starts on accrual of good time conduct credits. The Court has found no Eighth Circuit cases in which this specific issue has been decided. However, other courts considering this issue have determined that the *earliest* date the federal sentence can commence under such circumstances is the date upon which it is imposed. *See Schleining v. Thomas*, 642 F.3d 1242 (9th Cir. 2011); *Lopez v. Terrell*, 654 F.3d at 176 (2d Cir. 2011).

After citing the relevant statute regarding the commencement of a federal criminal sentence, the *Lopez* Court addressed the same factual scenario presented here:

> In contrast, the second scenario arises when a defendant is convicted and sentenced in state court, and, while serving his state sentence, is indicted federally and sentenced in district court for an offense for which the relevant conduct includes his prior state conviction. Under these circumstances (which are analogous to the instant case), because the defendant's presentence custody has already "been credited against another sentence"—namely, the defendant's state sentence—the agency is prohibited from crediting that time against his federal sentence. 18 U.S.C. § 3585(b); *see Gonzalez,* 192 F.3d at 354 (holding that presentence custody credited to a defendant's state sentence cannot be credited to a defendant's federal sentence). To ensure that the defendant does not "face[ ] punishment for the same criminal conduct in two

6

> prosecutions," *Fermin,* 252 F.3d at 109, however, the Sentencing Guidelines instruct the district court to adjust the defendant's federal sentence based on the time already served on his state sentence, since that period of custody cannot be credited by the BOP under § 3585(b), *see* U.S.S.G. § 5G1.3(b), cmt. n. 2 (1999). When the BOP calculates GCT, therefore, it will count *only* the period of incarceration following the date of sentencing in district court because that term of imprisonment constitutes the defendant's federal sentence. *See Labeille–Soto,* 163 F.3d at 98 (under 18 U.S.C. § 3585(a), a federal sentence cannot commence prior to the date on which it is imposed). The agency will *not* award GCT for any presentence time in custody adjusted under U.S.S.G. § 5G1.3(b) because that time does not constitute part of the defendant's federal sentence having already been credited to the defendant's state sentence. *See* 18 U.S.C. § 3585(b); *Gonzalez,* 192 F.3d at 354.
>
> We are persuaded by this reasoning. Although no express statutory language requires that § 3624(b) be read in tandem with § 3585, the above demonstrates that the agency's approach is a valid and convincing construction of the statute, and is consistent with federal sentencing law. *See Skidmore,* 323 U.S. at 140, 65 S.Ct. 161. Indeed, we note that the Ninth Circuit has recently reached this same conclusion on facts substantially identical to those in this case. *See Schleining v. Thomas,* 642 F.3d 1242, 1247–48 (9th Cir.2011) ("Because a prisoner can receive GCT credit only on time served on his federal sentence, and his federal sentence does not 'commence' until after he has been sentenced in federal court, Schleining is not eligible for GCT credit for the 21 months he spent in state custody—serving a state sentence—before imposition of his federal sentence.").

*Lopez v. Terrell*, 654 F.3d at 184–85 (2d Cir. 2011).

The Court finds the reasoning in *Lopez* and *Schleining* cases persuasive. The BOP calculated Jenkins' good conduct time credits, consistent with these cases, beginning on the date of his federal sentencing. Jan Stopps, a Management Analyst at the Designation and Sentence Computation Center of the BOP, has submitted an affidavit in support of the BOP's response to Jenkins' petition. In it, she states that pursuant to the BOP's Sentence Computation Manual and 18 U.S.C. 3585(a), "the earliest possible date a sentence can commence is on the date of imposition. As a result, [Jenkins'] sentence commenced on May 29, 2015, the date he was sentence[d] in the Western District of Texas." *See* Doc No. 8-1, at 4.

## CONCLUSION

Jenkins fails to demonstrate any error in the computation of his sentence, or any error in the calculation and award of his good conduct time credit. Jenkins was not eligible to credit for good conduct time prior to the commencement of his federal sentence on May 29, 2015. For the reasons stated herein, we recommend the petition for writ of habeas corpus be dismissed and the relief requested be denied.

IT IS SO ORDERED this 27th day of July, 2018.

_____
UNITED STATES MAGISTRATE JUDGE