# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

JOSHUA J. JENKINS                                                              PETITIONER
REG # 18181-280

v.                              Case No. 2:18-cv-0040-KGB-PSH

USA, *et al*.                                                                  RESPONDENTS

## ORDER

The Court has reviewed the Proposed Findings and Recommendation submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 10). Petitioner Joshua J. Jenkins filed objections to the Proposed Findings and Recommendation and a separate exhibit that the Court has considered in conjunction with his objections (Dkt. Nos. 11, 13). After careful consideration of the Proposed Findings and Recommendation, the objections, and a *de novo* review of the record, the Court concludes that the Proposed Findings and Recommendation should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects (Dkt. No. 10).

I. **Sentence Computation**

In his objection, Mr. Jenkins asserts that his sentence has been incorrectly calculated (Dkt. No. 11, at 1). The Court concludes that the Bureau of Prisons ("BOP") correctly calculated Mr. Jenkins' sentence. The computation of sentences is governed by 18 U.S.C. § 3585, which provides, with respect to credit for prior custody, that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences," but that such credit shall not be given if such time in official detention has "been credited against another sentence." 18 U.S.C. § 3585(b). In other words, time spent in official custody cannot count against two separate sentences. A federal sentencing court, however, has the authority under the United States Sentencing Guidelines, specifically U.S.S.G. §

5G1.3(b)(1), to fashion a sentence that *does* account for time already served on a prior undischarged sentence. U.S.S.G. § 5G1.3(b)(1) ("If . . . a term of imprisonment resulted form another offense that is relevant conduct to the instant offense of conviction [under § 1B1.3(a)] . . . the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the [BOP] . . . .").

It appears that the sentencing court in Mr. Jenkins' federal case followed U.S.S.G. § 5G1.3(b)(1): Mr. Jenkins was taken into state custody on December 23, 2012, and sentenced in Texas state court to ten years in prison on October 1, 2013 (Dkt. No. 8-1, at 2); on February 17, 2015, Mr. Jenkins was borrowed from state custody into federal custody (*Id.*, at 3); and on May 29, 2015, Mr. Jenkins received an 80-month federal sentence that was to run concurrently with the Texas state court sentence, with "[t]ime to be credited from date of arrest for this offense, December 23, 2012." (*Id.*, 3, 21). On June 2, 2015, the federal sentencing court entered an amended judgment indicating that:

> It is the Court's intent that the defendant shall receive credit for all time continuously spent in custody, state or federal, from December 23, 2012. Therefore, the Bureau of Prison shall adjust the defendant's term of imprisonment by the amount of time spent in custody pursuant to § 5G1.3(b) of the sentencing guidelines.

(*Id.*, at 29). The BOP then reduced Mr. Jenkins' federal sentence to a term of 50 months and 28 days (*Id.*, at 3, 37). Mr. Jenkins was returned to state custody, and he was paroled from state prison on February 17, 2017, with credit for all of the time he spent in custody from the date he was arrested, December 23, 2012, until the date of his parole (*Id.*, at 4).

In his objection, Mr. Jenkins argues that his sentence should "reflect an 80 month sentence and 887 days jail credit" rather than 50 months and 28 days (Dkt. No. 11, at 1-2). The Court

2

disagrees. Per 18 U.S.C. § 3585(b), the BOP cannot give credit for time served in custody that has "been credited against another sentence." Rather, per U.S.S.G. § 5G1.3(b)(1), the sentencing court may adjust the sentence to account for time already served on a prior undischarged sentence. That is what the sentencing court did in this matter: the sentencing court entered an amended judgment stating that it was the court's intent to give Mr. Jenkins "credit for all time continuously spent in custody, state or federal, from December 23, 2012." (Dkt. No. 8-1, at 29). The BOP reduced Mr. Jenkins' 80 month sentence to 50 months and 28 days, a reduction of 887 days, which corresponds to the amount of time Mr. Jenkins spent in custody between December 23, 2012, when he was arrested by state authorities, and May 28, 2015, the day he was sentenced in federal court (*Id*., at 3-4, 37). The Court therefore concludes that the BOP correctly calculated Mr. Jenkins' sentence.

## II. Good Time Conduct Credit Calculation

In his objection, Mr. Jenkins argues that, based upon his current sentence of 50 months and 28 days, he "is only earning 199" days of good time credit, which is "far from the 313 GCT credit Jenkins is supposed to earn had the Regional office correctly computed his sentence to begin December 23, 2012, 80 month imprisonment term." (Dkt. No. 11, at 3). Accordingly, Mr. Jenkins requests a *nunc pro tunc* Order designating his time in state custody from December 23, 2012, "as a place of federal confinement on his federal sentence and to run [his] federal sentence concurrent to [his] state sentence . . . ." (Dkt. No. 11, at 2).

Again, the Court disagrees with Mr. Jenkins and finds that the BOP did not err in its calculation of Mr. Jenkins' good time conduct ("GTC") credit. Pursuant to 18 U.S.C. § 3624(b), "a prisoner who is serving a term of imprisonment of more than one year may receive credit toward the service of the prisoner's sentence, beyond the time served, up to 54 days at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the

3

prisoner has displayed exemplary compliance with institutional disciplinary regulations." Furthermore, the statute directs BOP to grant GCT credit at "the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term . . . ." 18 U.S.C. § 3624(b)(1). The BOP's position is that "the earliest possible date a sentence can commence is on the date of imposition. As a result, [Mr. Jenkins'] sentence commenced on May 29, 2015, the date he was sentence[d] in the Western District of Texas." (Dkt. No. 8-1, at 4).

The question before the Court is whether the BOP is entitled to deference regarding its determination that a concurrent federal sentence commences on the date of federal sentencing for an inmate who is already serving state time on a related matter. The Court notes that the Second and Ninth Circuit Courts of Appeals have concluded that the BOP's decision to calculate good conduct time credits beginning on the date of federal sentencing is entitled to deference. *Schleining v. Thomas*, 642 F.3d 1242 (9th Cir. 2011) ("[A] prisons can receive GTC credit only on time served on his federal sentence, and his federal sentence does not 'commence' until after he has been sentenced in federal court . . . ."); *Lopez v. Terrell*, 654 F.3d 176, 185 (2d Cir. 2011) (noting that "the BOP's construction of 18 U.S.C. § 3624(b) [is] persuasive"). The Eighth Circuit Court of Appeals has not ruled on this issue, but the Court agrees with the reasoning described in *Schleining* and *Lopez*. Accordingly, the Court concludes that the BOP did not err in determining that Mr. Jenkins is not eligible for GTC credit for the time he spent in state custody prior to the imposition of his federal sentence.

### III. Certificate Of Appealability

The Court denies Mr. Jenkins a certificate of appealability because Mr. Jenkins has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (determining that a substantial showing of the denial of a

federal right requires a demonstration that reasonable jurists could debate whether, or for that matter agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further). As discussed above, the BOP's calculation of Mr. Jenkins sentence accords with federal sentencing guidelines, and the BOP's method of calculating GTC credits in Mr. Jenkins' situation has been upheld by Second and Ninth Circuits. The Court therefore concludes that Mr. Jenkins has not made a substantial showing of a denial of a constitutional right.

**IV. Conclusion**

For the reasons discussed above, the Court adopts the Proposed Findings and Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 10). Mr. Jenkins also filed two motions for status update and a separate motion for copies and request for status of the case (Dkt. Nos. 9, 12, 15). Having entered this Order adopting the Proposed Findings and Recommendation, the Court denies as moot Mr. Jenkins' motions and request for status updates (Dkt. No. 9, 12, 15). The Court grants Mr. Jenkins' motion for copies (Dkt. No. 12). The Court directs the Clerk to send to Mr. Jenkins a copy of his docket sheet for this case, along with a copy of this Order. The Court dismisses Mr. Jenkins' petition for writ of habeas corpus and denies his request for relief.

It is so ordered, this the 13th day of February, 2019.

_____
Kristine G. Baker
United States District Judge